ORIGINAL

# In the United States Court of Federal Claims

**FILED**

No. 13-467C
January 7, 2014

JAN 7 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * *
                          *
**SHERYL TAYLOR,**        *
                          *
        **Plaintiff,**     *  **Pro Se** Plaintiff; Motion to Dismiss;
                          *  Lack of Subject Matter Jurisdiction;
    v.                    *  Failure to State a Claim.
                          *
**UNITED STATES,**        *
                          *
        **Defendant.**     *
                          *
* * * * * * * * * * * *

    **Sheryl Taylor**, Memphis, TN, pro se.

    **Douglas G. Edelschick**, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## O R D E R

**HORN, J.**

    Pro se plaintiff Sheryl Taylor filed a pro se complaint in the United States Court of Federal Claims, alleging that she was wrongfully denied counsel in proceedings before the Equal Employment Opportunity Commission (EEOC), despite defendant's "duty to release its federal funds" and "appoint or assign counsel to the Plaintiff."[1] On the same

---

[1] In her pro se complaint, plaintiff lists the following people and entities as defendants: "The United States of America, the Equal Employment Opportunity Commission, and Jacqueline Berrien, in her capacity as Chair, [sic] of the Equal Employment Opportunity Commission." Pursuant to Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2013), all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (Supp. V 2011). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted). Stated differently, "the only proper defendant for any

date she filed the complaint in this court, plaintiff filed a motion to proceed in forma pauperis. The court granted Ms. Taylor's motion to proceed in forma pauperis.[2]

Plaintiff's complaint begins:

> This is a suit brought by the Plaintiff, under the First Amendment,[3] Fifth Amendment[4] and Fourteenth Amendment[5] of the Constitution of the United States, to recover just compensation for the Government's taking of federal funds and the denial of counsel without due process. This taking is the direct result of a denial of a hearing and a denial of a review of a mixed case complaint before the EEOC.

Ms. Taylor also alleges that, "[d]efendant, Jacqueline Berrien, Chair of the Equal Employment Opportunity Commission, was employed by the EEOC and was either committing or omitting [sic] to do all the acts of negligence that have been set forth and alleged in this complaint." Ms. Taylor claims that "[o]n or about June 20, 2013, the Plaintiff was denied counsel by the EEOC," and that "Plaintiff made a First (1st)

---

matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir. 2008).

[2] The above captioned case was initially assigned to Judge George Miller, and was reassigned to the undersigned after Judge Miller retired from this court.

[3] Plaintiff states that "[d]efendant, United States of America is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the First Amendment to the Constitution of the United States which prohibits the denial of due process. The First Amendment to the Constitution of the United States guarantees the right to redress grievances."

[4] Plaintiff also states that "[d]efendant, United States of America, is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fifth Amendment to the Constitution of the United States which prohibits the deprivation of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

[5] Plaintiff further states that "[d]efendant, United States of America, is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fourteenth Amendment to the Constitution of the United States which no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2

Amendment petition for access to federal funds allocated through the EEOC to secure counsel." Plaintiff further alleges that "Plaintiff raised legal questions to the EEOC regarding the review of the mixed case complaint before the EEOC," and that the "EEOC refused and did not answer the legal questions of the Plaintiff."

Although not discussed by Ms. Taylor in her filings with the court, the United States Court of Appeals for the Federal Circuit, in Taylor v. Merit Systems Protection Board, 527 F. App'x 970 (Fed. Cir.), reh'g denied (Fed. Cir. 2013) provided some additional background about her employment and termination history. The Federal Circuit indicated that:

> Ms. Taylor was employed as a Computer Assistant by the Internal Revenue Service, a component of the Treasury Department ("the Agency"). Between 2010 and 2011, she was the subject of several disciplinary actions which resulted in her removal.
>
> Specifically, on January 5, 2010, the Agency proposed to suspend Ms. Taylor for a period of five days in response to two alleged instances of absence without leave. The Agency imposed that five-day suspension in March of 2010.
>
> In February of 2011, the Agency proposed to suspend Ms. Taylor for fifteen more days based upon five specifications of her alleged failure to follow managerial directions. Three days later, the Agency rescinded that proposal and replaced it with a proposal to remove Ms. Taylor on grounds that she had been absent without leave, had failed to abide by established leave procedures, and failed on numerous occasions to follow managerial direction. On April 20, 2011, the Agency issued a final decision removing Ms. Taylor, effective April 22, 2011.

Id. at 971. Another recent Federal Circuit decision involving Ms. Taylor, Taylor v. Merit Systems Protection Board, No. 2013-3113, 2013 WL 5943153 (Fed. Cir. Nov. 7, 2013), reh'g en banc denied (Fed. Cir. 2014), further explained that:

> Following her removal, Taylor filed a formal EEO complaint at the Agency claiming that she was subjected to harassment that created a hostile work environment on the basis of race, age, sex, disability, and reprisal for prior EEO activities as a complainant. On December 12, 2011, the Agency issued a Final Agency Decision ("FAD") on Taylor's EEO complaint, finding that there was no discrimination relating to her removal.

Id. at *1 (internal citation omitted).[6]

---

[6] Ms. Taylor has filed additional suits relating to her termination. On January 2, 2013, the United States Court of Appeals for the Sixth Circuit issued a decision, affirming in part, reversing in part, and remanding in part to the district court a 2011 decision by the

3

In this court, plaintiff claims that, "[o]n or about June 20, 2013, the Plaintiff was denied access to federal funds by the EEOC," and "defendant interfered with the Plaintiff securing counsel with federal funds." Plaintiff further alleges she was "denied counsel by numerous lawyers," as well as "denied counsel by federally funded legal aid programs." Plaintiff alleges that the "defendant had a duty to answer the legal questions of the Plaintiff. The defendant had a duty to release its federal funds, equally distribute its federal funds and appoint or assign counsel to the Plaintiff." Plaintiff claims that the "defendant knew the Plaintiff could not properly provide any legal argument before the EEOC without counsel," and "Plaintiff's injury was caused by the negligence of the defendant. The actions of the defendant were intentional. The defendant had a duty to the Plaintiff. The defendant breached its duty. There was approximate [sic] cause and the Plaintiff suffered damages due to the breach." Ms. Taylor now seeks $50,000.00, as well as "declaratory relief, compensatory relief and injunctive relief to redress the denial of federal funds, denial of counsel, denial of a review of the mixed case complaint, denial of a hearing for Federal employees as required by the First, Fifth and Fourteenth Amendments to the Constitution of the United States."[7]

---

United States District Court for the Western District of Tennessee. See Taylor v. Geithner, 703 F.3d 328 (6th Cir. 2013). Reviewing the Western District's decision to dismiss Ms. Taylor's claims of breach of settlement agreement for lack of subject matter jurisdiction, the Sixth Circuit affirmed. Regarding Ms. Taylor's claims of retaliation, the Sixth Circuit reversed the district court's grant of summary judgment, concluding that Ms. Taylor's claim that she had applied for, and was rejected from, fifty-two positions, along with negative references from her supervisor, established adverse employment action element of her prima facie case of retaliation. See id. at 340. Noting that was the "sole issue" before the court, the Sixth Circuit reversed the district court's grant of summary judgment on Ms. Taylor's retaliation claim and remanded the case to the district court for further proceedings on the merits. Id.

[7] In addition, in one of her filings, Ms. Taylor stated:

> The Plaintiff does not have the legal expertise to determine if a fine is permissible against an entity for not timely answering a complaint. However, the Plaintiff files the motion to fine the defendant to make the record. In addition, the Plaintiff seeks a fine in the form of monetary damages including but not limited to court costs, filing fees, attorney fees, etc. Also, the Plaintiff seeks sanction for the Court to order the defendant to appoint or assign counsel to the Plaintiff for this civil action and future civil actions against the U.S. government. Furthermore, the Plaintiff seeks a fine in the form of the defendant releasing its federal funds, equally distributing its federal funds for the sole purpose of counsel for the Plaintiff.

4

After some delay on defendant's part, on November 14, 2013, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1) (2013) and for failure to state a claim pursuant to RCFC 12(b)(6). Regarding its jurisdictional arguments, defendant argues that this court does not have jurisdiction "to entertain Ms. Taylor's claims for negligence, for violations of non-money mandating constitutional provisions, and for relief against defendants other than the United States." Regarding defendant's motion for failure to state a claim, defendant argues, "[t]he only claim that potentially falls within the Court's jurisdiction is a takings claim, but, the complaint fails to state a plausible takings claim upon which relief may be granted. Therefore, the Court should dismiss the entire complaint."

On December 13, 2013, plaintiff filed a response to the motion to dismiss, stating:

> It is a fact, the Plaintiff cannot make a proper pleading before the Court without counsel. It is a fact, the defendant has interfered with the Plaintiff's right to sue before the Court. It is a fact, the defendant has engaged in exparte [sic] communication with the Court. It is a fact, the defendant has obstructed justice and impeded the judicial process. It is a fact, the defendant has a duty to appoint or assign counsel to the Plaintiff. It is a fact, the defendant has breached its duty. It is a fact the breach caused irreparable harm to the Plaintiff. It is a fact, the defendant has failed to articulate any legal basis for denying counsel to the Plaintiff and withholding federal funds from the Plaintiff. The defendant has a weak and defenseless argument before the Court. The Plaintiff does not have the legal expertise to understand the legal jargon of the defendant.

On December 16, 2013, defendant responded to plaintiff's filing, noting that "[i]n her opposition, Ms. Taylor denigrates our arguments as 'weak and defenseless' and she 'objects to the dismissal of the complaint,' but she does not elaborate upon these conclusory points at all." (internal citation omitted).

In addition to filing a response to the motion to dismiss, plaintiff has filed sixteen, additional separate filings with the court, including eleven motions and one petition for review. The motions include motions for entry of default, to motions for relief from court Orders, a motion for recusal,[8] a motion for "Appointment of Counsel through the Court's Civil Pro Bono Panel," a motion to "file the notice to the court and notarized letter," and a motion for "defendant to appoint or assign counsel to the Plaintiff by releasing its

---

The court notes, regarding plaintiff seeking filing fees, the court already granted plaintiff's motion to proceed in forma pauperis and, therefore, plaintiff did not pay a filing fee in the case currently before the court.

[8] The motion for recusal was denied as "none of the alleged reasons for doing so offered by plaintiff form a basis for recusal, including the failure of the court to appoint counsel for plaintiff . . . ."

5

federal funds, equally distributing its federal funds for the sole purpose of counsel for the Plaintiff," among many others. Although the motions take various forms, Ms. Taylor repeats exactly the following two sentences in twelve of her filings: "The Plaintiff is without counsel. There is a prejudice toward the Plaintiff for a lack of counsel."[9] Ms. Taylor also repeatedly indicates that:

> The interest of the Plaintiff is not protected due to the fact that Plaintiff does not have counsel. However, the interest of the defendant is protected because it has secured counsel. The Plaintiff has many legal questions. However, the Clerk of the Court cannot answer legal questions. The legal questions remain unanswered due to the fact that Plaintiff is without counsel.

Ms. Taylor also has expressed frustration that the court has refused to schedule oral argument on plaintiff's many motions.

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Comer v. Peake, 552 F.3d 1362, 1369 (Fed. Cir. 2009). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide

---

[9] In a thirteenth filing Ms. Taylor only mentions the first line: "The Plaintiff is without counsel."

jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint

7

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557).

When deciding a case based on a lack of subject matter jurisdiction, this court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Testan, 424 U.S. 392, 400 (1976); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

9

Defendant argues that "Ms. Taylor's negligence claim sounds in tort and should be dismissed," and specifically "Ms. Taylor's negligence claim for mental anguish and medical expenses, sounds in tort and, therefore, the Court should dismiss it." Although Ms. Taylor simply responds that "[t]he defendant has a weak and defenseless argument before the Court," to the extent that plaintiff requests relief from conduct alleging tortious actions, including negligence by government officials, the Tucker Act expressly precludes review of tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Any claim alleging negligence by government officials raises a question of tortious conduct, which is not reviewable in this court. See Husband v. United States, 90 Fed. Cl. 29, 35 (2009) (holding that the court lacked jurisdiction over claims sounding in tort when "the Government seized and failed to return Plaintiff's property, or, in the alternative, that his property was lost as a result of the Government's theft.") (internal citation omitted). This court, therefore, does not have jurisdiction over any of negligence claims presented by the plaintiff.

The defendant also argues that, except for Ms. Taylor's Fifth Amendment takings claim, "[t]he Court should dismiss Ms. Taylor's other constitutional claims pursuant to the First, Fifth, and Fourteenth Amendments because the law is well-settled that these provisions are not money mandating." As noted above, Ms. Taylor's general response is that "[t]he defendant has a weak and defenseless argument before the Court." Regarding plaintiff's First Amendment claim for a petition for redress of grievances, the First Amendment, standing alone, cannot be interpreted to require the payment of money for an alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984) ("We agree with the Court of Claims that the first amendment, standing alone, cannot be so interpreted to command the payment of money."); Volk v. United States, 111 Fed. Cl. 313, 326 (2013); Cox v. United States, 105 Fed. Cl. 213, 217 (2012), appeal dismissed (Fed. Cir. 2012) ("However, because the First Amendment, standing alone, does not obligate the United States to pay money damages, it cannot serve as the basis for jurisdiction in the Court of Federal Claims.") (citing United States v. Connolly, 716 F.2d at 887).

Regarding Ms. Taylor's claims for due process under the Fifth, and Fourteenth Amendments, the United States Court of Appeals for the Federal Circuit has held that

this court does not possess jurisdiction to consider claims arising under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); see also In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238; McCullough v. United States, 76 Fed. Cl. at 4 ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."); Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)). Due process claims "must be heard in District Court." Kam–Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012); see also Hampel v. United States, 97 Fed. Cl. at 238. Therefore, to the extent that plaintiff is attempting to raise allegations of Due Process violations, no such cause of action can be brought in this court.

Likewise, to the extent that plaintiff raises claims under the Equal Protection Clause of the Fourteenth Amendment, those claims do not mandate the payment of money by the federal government and, therefore, fall outside the jurisdiction of the United States Court of Federal Claims. See LeBlanc v. United States, 50 F.3d at 1028 (indicating that a claim under the Equal Protection Clause of the Fourteenth Amendment is not sufficient for jurisdiction in the United States Court of Federal Claims because it does not "mandate payment of money by the government." (citing Carruth v. United States, 224 Ct. Cl. 422, 445 (1980))); Potter v. United States, 108 Fed. Cl. 544, 548 (2013) (finding that "this Court lacks jurisdiction over violations under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . because they do not mandate payment of money by the government.") (internal citations omitted) (modifications in original); Warren v. United States, 106 Fed. Cl. 507, 511 (2012) (holding that, since the "Fourteenth Amendment guarantee of equal protection" is not money mandating, "[a]ccordingly, the court lacks jurisdiction over these claims."); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011) appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012) ("However, this court does not have jurisdiction over claims

11

based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.").

Regarding plaintiff's taking claim, defendant argues that plaintiff has failed to state a claim for relief, because "Ms. Taylor does not allege that the Government took anything from her at all, much less a valid property interest." For a motion for failure to state a claim, "the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 130 S. Ct. 3468 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied (Fed. Cir.), cert. denied, 129 S. Ct. 2878 (2009); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010), appeal dismissed, 454 F. App'x 900 (2011); Legal Aid Soc'y of New York v. United States, 92 Fed. Cl. 285, 292, 298 & 298 n.14 (2010).

When deciding whether a plaintiff has failed to state a claim upon which relief can be granted, the court assumes that the undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Cambridge v. United States, 558 F.3d at 1335 (citing Papasan v. Allain, 478 U.S. 265, 283 (1986)); Cary v. United States, 552 F.3d at 1376 (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)); Anaheim Gardens v. United States, 444 F.3d 1309, 1315 (Fed. Cir.), reh'g denied (Fed. Cir. 2006); Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). If a defendant or the court challenges jurisdiction or a plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Therefore, although the court must assume that the undisputed facts alleged in the complaint are true for the purposes of the motion to dismiss and draws all reasonable inferences in the plaintiffs' favor, the facts alleged in the complaint must be plausible and not merely naked assertions devoid of a factual basis. See Ashcroft v. Iqbal, 556 U.S. at 678; see also McZeal v. Sprint Nextel Corp., 501 F.3d at 1363 n.9 (mere allegations of law and conclusions of fact are insufficient to support a claim).

Defendant states that "Ms. Taylor asserts a takings claim based upon the EEOC's June 2013 final decision, which did not appoint her counsel or provide her with federal funds for counsel." In her complaint, plaintiff seeks to "recover just compensation for the Government's taking of federal funds and the denial of counsel without due

12

process. This taking is the direct result of a denial of a hearing and a denial of a review of a mixed case complaint before the EEOC." The Takings Clause of the Fifth Amendment to the United States Constitution provides in pertinent part: "nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. The purpose of this Fifth Amendment provision is to prevent the government from "'forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" Palazzolo v. Rhode Island, 533 U.S. 606, 618 (2001) (quoting Armstrong v. United States, 364 U.S. 40, 49 (1960)); see also Penn Central Transp. Co. v. City of New York, 438 U.S. 104, 123-24, reh'g denied, 439 U.S. 883 (1978); Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005); E. Enters. v. Apfel, 524 U.S. 498, 522 (1998); Rose Acre Farm, Inc. v. United States, 559 F.3d 1260, 1266 (Fed. Cir.), reh'g en banc denied (Fed. Cir. 2009), cert. denied, 130 S. Ct. 1501 (2010); Janowsky v. United States, 133 F.3d 888, 892 (Fed. Cir. 1998); Resource Invs., Inc. v. United States, 85 Fed. Cl. 447, 469-70 (2009); Pumpelly v. Green Bay & Miss. Canal Co., 80 U.S. (13 Wall.) 166, 179 (1871) (citing to principles which establish that "private property may be taken for public uses when public necessity or utility requires" and that there is a "clear principle of natural equity that the individual whose property is thus sacrificed must be indemnified.").

A plaintiff must show that the government took a private property interest for public use without just compensation. See Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004), cert. denied, 546 U.S. 811 (2005); Arbelaez v. United States, 94 Fed. Cl. 753, 762 (2010); Gahagan v. United States, 72 Fed. Cl. 157, 162 (2006). "The issue of whether a taking has occurred is a question of law based on factual underpinnings." Huntleigh USA Corp v. United States, 525 F.3d 1370, 1377-78 (Fed. Cir.), cert. denied, 555 U.S. 1045 (2008) (citations omitted). The Federal Circuit has established a two-part test to determine whether governmental actions amount to taking of private property under the Fifth Amendment. See Klamath Irr. Dist. v. United States, 635 F.3d 505, 511 (Fed. Cir. 2011); Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir.) (citing M & J Coal Co. v. United States, 47 F.3d 1148, 1153-54 (Fed. Cir. 1995)), reh'g en banc denied, (2004). A court first determines whether a plaintiff possesses a cognizable property interest in the subject of the alleged taking. Then, the court must determine whether the government action is a "'compensable taking of that property interest.'" Huntleigh USA Corp v. United States, 525 F.3d at 1377 (quoting Am. Pelagic Fishing Co., L.P. v. United States, 379 F.3d at 1372).

A plaintiff alleging a taking must have a legally cognizable property interest, such as the right of possession, use or disposal of the property. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435 (1982) (citing United States v. Gen. Motors Corp., 323 U.S. 373 (1945)); CRV Enters., Inc. v. United States, 626 F.3d 1241, 1249 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 2459 (2011); Karuk Tribe of Cal. v. Ammon, 209 F.3d 1366, 1374-75 (Fed. Cir.), reh'g denied and en banc suggestion denied (Fed. Cir. 2000), cert. denied, 532 U.S. 941 (2001). "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372 (quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001), cert. denied 353 U.S. 1077 (2002) and citing Cavin v. United States, 956 F.2d 1131, 1134 (Fed. Cir. 1992)). Therefore, "[i]f the

claimant fails to demonstrate the existence of a legally cognizable property interest, the courts [sic] task is at an end." Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372 (citing Maritrans Inc. v. United States, 342 F.3d 1344, 1352 (Fed. Cir. 2003) and M & J Coal, 47 F.3d at 1154). The court does not address the second step "without first identifying a cognizable property interest." Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir.) (citing Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1381 and Conti v. United States, 291 F.3d 1334, 1340 (Fed. Cir. 2002), cert. denied, 537 U.S. 1112 (2003)), reh'g denied and reh'g en banc denied (Fed. Cir. 2005). Only if there is to be a next step, "after having identified a valid property interest, the court must determine whether the governmental action at issue amounted to a compensable taking of that property interest." Huntleigh USA Corp. v. United States, 525 F.3d at 1378 (quoting Am. Pelagic Fishing Co. v. United States, 379 F.3d at 1372).

The court agrees with defendant that Ms. Taylor complaint does not allege that the government took anything from her at all, much less a valid property interest. To the extent plaintiff alleges that the failure to appoint counsel or provide her federal funds for counsel is a taking, plaintiff has not alleged a property interest subject to a constitutional taking claim. The Federal Circuit in Taylor v. Merit Systems Protection Board, 527 F. App'x 970, addressed plaintiff's contention that she was entitled to federally-funded counsel before the Merit Systems Protection Board. In the Federal Circuit, Ms. Taylor had framed her argument as alleging that the Board abused its discretion when it failed to assign her federally-funded counsel. The Federal Circuit concluded:

> As an initial matter, Ms. Taylor has no constitutional right to appointed counsel to assist with her appeal of the Agency's removal action. That right is usually limited to criminal cases, and generally applies to civil cases such as this only when an indigent party's liberty is potentially threatened. Pitts v. Shinseki, 700 F.3d 1279, 1283 (Fed. Cir. 2012); see also Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26–27, 101 S. Ct. 2153, 68 L.Ed.2d 640 (1981) ("[W]e . . . draw from [the Court's precedents] the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); Arnesen v. Principi, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (generally there is no right to appointed counsel for indigent civil litigants absent a potential loss of personal freedom); Lariscey v. United States, 861 F.2d 1267, 1270 (Fed. Cir. 1988) ("[T]he right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances," such as when an indigent party "may lose his/her personal freedom if the action is lost").

Taylor v. Merit Sys. Protection Bd., 527 F. App'x at 972. Ms. Taylor has failed to demonstrate that the failure to appoint counsel or provide her federal funds for counsel threatens her physical liberty or is a taking. Therefore, Ms. Taylor has raised no cognizable claims before this court.

As indicated above, Ms. Taylor has repeatedly expressed to this court her concerns over her lack of counsel, and the impact to her case to proceed without

14

counsel. Indeed, Ms. Taylor continually repeats exactly the following two sentences: "The Plaintiff is without counsel. There is a prejudice toward the Plaintiff for a lack of counsel," in twelve separate filings before this court. Ms. Taylor further repeatedly indicates that "[t]he interest of the Plaintiff is not protected due to the fact that Plaintiff does not have counsel. However, the interest of the defendant is protected because it has secured counsel." Ms. Taylor states, "[t]here is no federal law that gives the defendant the exclusive and sole rights to the property of federal funds and counsel for this civil action. As a federal litigant, the Plaintiff has the right to counsel of her choice." In her response to the defendant's motion to dismiss plaintiff states, "[t]he Plaintiff cannot successfully prevail before the Court without counsel." On November 8, 2013, this court denied Ms. Taylor's motions to appointment counsel and on December 3, 2013, denied plaintiff's motions for relief from those denials. In the November 8, 2013 Order, the court noted that although plaintiff requested appointment of counsel through the court's Civil Pro Bono Panel, "in this court there is no formal 'Court's Civil Pro Bono Panel.'" The court further observed that "[t]his court also has no authority to request or order the defendant to appoint counsel on plaintiff's behalf." As indicated most recently in the court's December 3, 2013 Order, Ms. Taylor filed a

> "Motion for Relief from an Order," in which the court denied plaintiff's request for appointment of counsel. According to plaintiff:
>
>> The Plaintiff cannot successfully prevail before the court without counsel. The Plaintiff's First (1st) Amendment petition for access to federal funds to secure counsel as the defendant was denied by the court. The Court has the full authority to order the defendant to appoint or assign counsel and equally distribute federal funds to the Plaintiff for the sole purpose of counsel. The plaintiff objects to the denial of counsel.
>
> Plaintiff's "Motion for Relief from an Order" is **DENIED**. As fully explained in the court's previous Orders, this court does not have a program to appoint counsel on plaintiff's behalf in the civil cases before the court, nor does the defendant appoint counsel for plaintiffs.

As noted in this court's prior Orders, consistent with one of the United States Court of Appeals for the Federal Circuit's opinions respecting Ms. Taylor's claims, Taylor v. Merit Sys. Protection Bd., 527 F. App'x at 972, this court does not have a responsibility or obligation to appoint counsel to cases on this court's civil docket. See Lassiter v. Dep't of Soc. Servs. of Durham Cnty, N.C., 452 U.S. 18, 26-27 (1981) ("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); see also Pitts v. Shinseki, 700 F.3d 1279, 1283 (Fed. Cir. 2012), cert. denied, 133 S. Ct. 2856 (2013); Heuss v. United States, 75 Fed. Cl. 636 (2007) (quoting Lariscey v. United States, 861 F.2d 1267, 1270-71 (Fed. Cir. 1988), and noting that the United States Supreme Court has not recognized a right under the Constitution to appointed counsel in civil cases); Martin v. United States, 31 Fed. Cl. 756, 757 (1994) ("The appointment of counsel in a civil case is not a right, but a

15

privilege justified only by exceptional circumstances."). Moreover, appointment of counsel would serve no purpose in plaintiff's particular case, given the substantial deficiencies in plaintiff's complaint. Even the appointment of counsel would not cure the failure of the plaintiff to raise issues within the court's jurisdiction or properly state a claim for relief.

As is the case before this court, the Federal Circuit noted that "Ms. Taylor has also filed numerous motions asking this court to supply her with counsel to assist with this appeal, all of which were denied. To the extent that her briefing invites us to reconsider those denials, we decline for reasons similar to those outlined above—Ms. Taylor has no constitutional right to counsel for her present appeal, and this court has no means by which it could appoint counsel to represent her." Taylor v. Merit Sys. Protection Bd., 527 F. App'x at 974.[10] This court likewise declines to revisit Ms. Taylor's numerous requests to appoint counsel.

Ms. Taylor also has expressed disappointment that the court did not hold oral argument. For example, in one of her many filings, plaintiff states: "The Court did not allow oral argument after the defendant filed a motion for an enlargement of time." Ms. Taylor again made this claim in her response to the motion to dismiss, claiming, "[i]t is a fact, the court did not allow oral argument." Trial judges are given broad discretion to control and manage their dockets, including with respect to procedural matters. See, e.g., Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (citing Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir. 1979), cert. denied, 446 U.S. 956 (1980)); Nutrinova Nutrition Specialties and Food Ingredients GMBH v. Int'l Trade Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty. Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988); see also Toquero v. I.N.S., 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); Lake at Las Vegas Investors Grp. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir.), reh'g denied (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992) (which affirmed the trial court and discussed the court's interpretation of a local District Court rule, finding no prejudicial

---

[10] The court notes that in at least one additional federal case, Ms. Taylor repeatedly sought counsel. See Taylor v. Memphis Area Legal Servs., Inc., No. 12-2467-T-tmp, 2013 WL 2468031 (W.D. Tenn. June 7, 2013). The District Court for the Western District of Tennessee stated:

> Plaintiff's objections to the report and recommendation are without merit and are not grounded in fact or law. She contends that she cannot be deposed without the presence of an attorney, and she reiterates her argument for the appointment of counsel. The court has previously denied Plaintiff's motions for the appointment of counsel and will not revisit that issue in this order. Contrary to Plaintiff's assertion, she does not have "a right to counsel for a deposition."

Id. at *1.

error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position . . . ."). Therefore, a trial court is not required to hold a hearing, but may do so if the court believes the hearing would assist the court to resolve the case. The decision of whether or not to hold oral argument is made in each case, based on the filings and issues raised in that particular case. Trial courts have broad discretion regarding this decision. Given the absence of jurisdiction for the court to review plaintiff's claims and the failure of plaintiff to state a claim for her takings allegation, the court does not believe holding oral argument on any of the motions filed in this case, including the defendant's motion to dismiss, would help the court in reaching its decision.

Ms. Taylor further expresses concern that, in her view, her submissions were not filed in a timely manner. For example, regarding her motion for sanctions against the government, she states:

> The Plaintiff filed a motion for default judgment on October 17, 2013. It was delivered to the Court on October 18, 2013. However, the Clerk of the Court has not docketed the motion for default judgment with the correct date of October 18, 2013. The Plaintiff is perplexed on the reason the Court continues to show an incorrect docket date as October 25, 2013 for the motion for default judgment. The Plaintiff has filed several pleadings such as motion for relief from an order which was filed on October 26, 2013. It was delivered on October 28, 2013. Yet, the Court refused to docket the motion. The Plaintiff filed a response or opposition to an enlargement of time on October 26, 2013. It was delivered on October 28, 2013. However, the Court refused to docket the response or opposition to an enlargement of time. The refusal of the Court to docket pleadings of the Plaintiff is [sic] to cause irreparable harm to the Plaintiff.

In a subsequent filing Ms. Taylor went further, claiming that "the Court has refused to correct the docket with correct dates." The court notes that many of Ms. Taylor's submissions have not been filed in conformance with the Rules of the United States Court of Federal Claims. Those documents not in conformance with the RCFC were not filed by the Clerk's Office, but were submitted to the undersigned for review for the submissions' defects, and could have been returned to plaintiff as unfiled or filed on the court's docket with the court's leave. Because of Ms. Taylor's pro se status, this court has been extraordinary generous and filed all of plaintiff's defective submissions by leave of the court. Indeed, nine separate defective filings submitted by Ms. Taylor were filed by leave of the court. Although Ms. Taylor remains perplexed that some of her filings have a different filing date than her submission date, the motions were not considered filed until the undersigned permitted the defective motions to be filed.

Finally, Ms. Taylor accuses the court of having ex parte communications with defendant and claims that "[i]t is a fact, the Court made a pleading on behalf of the defendant." Although the court is unsure of how the court would have made pleadings

on behalf of the government, the docket reflects that the court has only filed court Orders in the above captioned case. Moreover, the court has not had ex parte communications on the merits of plaintiff's case with the defendant during the pendency of this case.

For the reasons described above, defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

_____
**MARIAN BLANK HORN**
**Judge**