**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

No. 13-467C
February 4, 2014

FEB 4 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHERYL TAYLOR,**

         **Plaintiff,**

    v.

**UNITED STATES,**

         **Defendant.**

Pro Se Plaintiff; Motion for Reconsideration; Motion to Alter or Amend a Judgment.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**Sheryl Taylor**, Memphis, TN, pro se.

**Douglas G. Edelschick**, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

Following the court's January 7, 2014 Order granting defendant's motion to dismiss pro se plaintiff Sheryl Taylor's complaint, on January 31, 2014, plaintiff filed a "motion to amend or alter the judgment." Plaintiff's "motion to amend or alter the judgment" alleges that "pursuant to Rule 59(e) the Federal Rules of Civil Procedure,[1] the Plaintiff files a motion to amend or alter the judgment dated January 7, 2014. The Plaintiff is without counsel. There is a prejudice toward the Plaintiff for a lack of counsel.[2] The interest of the Plaintiff is not protected due to a lack of counsel.

---

[1] Although plaintiff cites to the Federal Rules of Civil Procedure, the operative rules in this court are the Rules of the United States Court of Federal Claims. As when reviewing the pro se plaintiff's complaint, the plaintiff was afforded liberal construction of the pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21, reh'g denied, 405 U.S. 948 (1972).

[2] As noted in the court's January 7, 2014 Order, Ms. Taylor repeated exactly the following two sentences in twelve of her filings to this court: "The Plaintiff is without

**The Plaintiff seeks relief based on full faith and credit clause.**" (emphasis in original). Ms. Taylor's "motion to amend or alter the judgment" generally repeats her previous filings in this court, including that defendant is in default, that plaintiff has a First Amendment right to petition for access to federal funds, and the "history of the docket report shows **numerous incorrect filing dates by the Court**." (emphasis in original). As Ms. Taylor argued in her filings before the court entered judgment for the defendant, she repeats the following in her "motion to amend or alter the judgment:"

> It is a fact, **there is no federal law that gives the defendant the exclusive and sole rights to the property of federal funds to secure counsel** for a civil action. It is a fact, there is **no federal law** that gives the defendant the exclusive and sole right to the property of counsel for a civil action. It is a fact, the Plaintiff has a **property interest and a liberty interest** in accessing federal funds to secure counsel as the defendant. It is a fact, the Plaintiff has a **property interest and a liberty interest** in having counsel before the Court as the defendant.

(emphasis in original). Ms. Taylor also alleges that "[t]he First (1st) Amendment petition for access to federal funds to secure counsel was denied by the Court and the defendants. **(Doc. 19.)** Also, the U.S. Court of Appeals for the Federal Circuit denied the Plaintiff s First (lst) Amendment petition for access to federal funds to secure counsel. (Exh. 7 & 8.)."[3] (emphasis in original). Ms. Taylor continues, "[i]t is a fact, the Plaintiff was denied federal funds and denied counsel by the defendant for this civil action. It is a fact, the defendant is silent on the legal basis for denying counsel and denying federal funds to the Plaintiff. Silence is consent. Therefore, the Plaintiff moves the Court to amend or alter its judgment." (internal citation omitted).

Rule 59(e) (2013) of the Rules of the United States Court of Federal Claims (RCFC) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e).[4] "A motion to alter or amend judgment under RCFC 59(e) 'seeks a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment.'" Global Computer Enters., Inc.

---

counsel. There is a prejudice toward the Plaintiff for a lack of counsel." The court also noted that plaintiff had a thirteenth filing in which Ms. Taylor only mentions the first line: "The Plaintiff is without counsel."

[3] Ms. Taylor included as exhibits to her motion two Orders by the United States Court of Appeals for the Federal Circuit, dated February 11, 2013 and July 29, 2013 respectively, denying Ms. Taylor's request "to 'enter an order for the Merit Systems Protection Board and the U.S. Department of the Treasury/IRS to appoint or assign counsel,'" and denying plaintiff's motion to appoint counsel.

[4] As the court entered judgment on January 7, 2014, and Ms. Taylor filed her "motion to amend or alter the judgment" on January 31, 2014, the timing requirement of RCFC 59(e) is not at issue.

v. United States, 88 Fed. Cl. 466, 468 (2009) (quoting Maxus Energy Corp. v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994)). As noted in Dairyland Power Co-op. v. United States, 106 Fed. Cl. 102 (2012):

> Under RCFC 59(e), the Court may alter or amend a judgment. Although the standard for reconsideration of a judgment has been described as somewhat more rigorous than that for reconsideration of an interlocutory order, see Wolfchild v. United States, 68 Fed. Cl. 779, 784 (2005), the decision whether to grant reconsideration lies largely within the discretion of the trial court. Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).
>
> Reconsideration is not to be construed as an opportunity to relitigate issues already decided. Shell Petroleum, Inc. v. United States, 47 Fed. Cl. 812, 814 (2000). Rather, the moving party must demonstrate either an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or mistake of fact. Entergy Nuclear FitzPatrick, LLC v. United States, 101 Fed. Cl. 464, 468 (2011).

Dairyland Power Co-op. v. United States, 106 Fed. Cl. at 104; see also Salem Fin., Inc. v. United States, No. 10-192T, 2014 WL 47541, at *2 (Fed. Cl. Jan. 7, 2014). The court in Salem Financial, Inc. recently considered a RCFC 59(e) motion and noted that:

> Granting reconsideration or amendment under Rule 59 "requires 'a showing of extraordinary circumstances.'" Shapiro v. Sec'y of Health and Human Servs., 105 Fed. Cl. 353, 361 (2012) (collecting cases). A motion for reconsideration is not intended to give an "unhappy litigant an additional chance to sway" the court. Matthews v. United States, 73 Fed. Cl. 524, 526 (2006). Nor may a party prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed. Id.

Salem Fin., Inc. v. United States, 2014 WL 47541, at *2 (denying the RCFC 59(e) motion to amend).

As discussed above, Ms. Taylor's "motion to amend or alter the judgment" generally repeats her previous filings in this court, and does not raise any new issues. Ms. Taylor indicates for the fourteenth time in a filing before this court that "[t]he Plaintiff is without counsel," and for the thirteenth time that "[t]here is a prejudice toward the Plaintiff for a lack of counsel." Regarding the allegation by Ms. Taylor that the "history of the docket report shows **numerous incorrect filing dates by the Court**" (emphasis in original), the court, in its January 7, 2014 Order, attempted to explain to plaintiff why there was an inconsistency between the dates Ms. Taylor submitted filings and when they appeared on the court's docket. The court explained that

3

many of Ms. Taylor's submissions have not been filed in conformance with the Rules of the United States Court of Federal Claims. Those documents not in conformance with the RCFC were not filed by the Clerk's Office, but were submitted to the undersigned for review for the submissions' defects, and could have been returned to plaintiff as unfiled or filed on the court's docket with the court's leave. Because of Ms. Taylor's pro se status, this court has been extraordinary generous and filed all of plaintiff's defective submissions by leave of the court. Indeed, nine separate defective filings submitted by Ms. Taylor were filed by leave of the court. Although Ms. Taylor remains perplexed that some of her filings have a different filing date than her submission date, the motions were not considered filed until the undersigned permitted the defective motions to be filed.

The only possible new ground for reconsideration raised by Ms. Taylor is her statement that "[t]he **Plaintiff seeks relief based on full faith and credit clause**." (emphasis in original). Plaintiff offers no explanation of how the Full Faith and Credit Clause to the United States Constitution would be a ground for reconsideration and, in fact, plaintiff never mentions the full faith and credit clause again in her motion. As noted in Republic of New Morocco v. United States, 98 Fed. Cl. 463 (2011), "Section 1 of Article IV of the Constitution provides: 'Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.'" Id. at 468 (finding the Full Faith and Credit Clause did not mandate the payment of money damages and did not serve as a basis for the court to exercise jurisdiction over the complaint). The court does not see how the Full Faith and Credit Clause could possibly apply to the facts of the above captioned case, much less provide the plaintiff a basis for jurisdiction or reconsideration in this court.

As all of Ms. Taylor's other statements in her motion were previously considered by the court in its January 7, 2014 Order, the court concludes that Ms. Taylor has not made a showing of extraordinary circumstances, see Salem Fin., Inc. v. United States, 2014 WL 47541, at *2, nor has she demonstrated an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or mistake of fact. See Dairyland Power Co-op. v. United States, 106 Fed. Cl. at 104. Therefore, Ms. Taylor's "motion to amend or alter the judgment" is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**